

Jon M. Egan, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **LORRAINE VAN DYKE,** | Case No. CV '08 - 0561 - KI |
| Plaintiff, | |
| vs. | COMPLAINT |
| **BTS CONTAINER SERVICE, INC.,** an Oregon corporation; **SHARON McLAURIE,** an individual; and **GEORGE SARGENT,** as both individual and d/b/a **TRIPLE A TRANSPORTATION, INC.,** | (FEDERAL AND STATE WAGE CLAIMS) |
| Defendants. | DEMAND FOR JURY TRIAL |

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this complaint

# 21156

**Complaint** Page 1

pursuant to 29 U.S.C. §216(b) (Fair Labor Standard Act ("FLSA")), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. §1337 (Actions arising under acts of Congress relating to commerce).

2.

This Court has supplemental jurisdiction over the state law claims set forth in this complaint pursuant to 28 U.S.C. §1367. Both the federal and state claims alleged herein arose from a common nucleus of operative facts. The state actions are so related to the federal claims that they form part of the same controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transacted business in this district, Plaintiff was employed by Defendants in this district, and acts and omissions that are the subject of this suit transpired in this district.

### PARTIES

4.

Plaintiff Lorraine Van Dyke is a resident and citizen of the State of Oregon.

5.

Defendant BTS Container Service, Inc. conducts business in the State of Oregon. BTS Container Services, Inc. is an employer and an enterprise engaged in commerce or in the production of goods for commerce as defined by, and subject to the requirements of, the FLSA and Oregon wage and hour statutes.

6.

Defendants Sharon McLaurie and George Sargent are owners, operators, managers and/or officers of BTS Container Service, Inc. They, and each of them, acted directly or indirectly in the interest of BTS Container Service, Inc. in relation to Plaintiff throughout her employment.

7.

Defendant George Sargent also does business from time to time as "Triple A Transportation, Inc." Triple A Transportation, Inc. is an unincorporated assumed business name registered to George Sargent as an individual, under which he conducts business for BTS Container Services, Inc. and otherwise.

## FACTS

8.

Plaintiff was employed by Defendants at all relevant times.

9.

Defendants and Plaintiff were subject to the FLSA and Oregon wage and hour statutes at all relevant times.

10.

Defendants required, allowed, suffered and permitted Plaintiff to perform work in excess of 40 hours per week, for which she was not compensated at one and one half times her regular rate of pay, when that compensation was due.

11.

Defendants required, allowed, suffered and permitted Plaintiff to work through her statutorily required ten-minute rest periods, without otherwise compensating her for that time.

12.

Defendants required, allowed, suffered and permitted Plaintiff to work through all or part of her one-hour contractual meal periods, but did not pay her for any time worked during that hour.

13.

Defendants required, allowed, suffered and permitted Plaintiff to work "off the clock," for which time she was not compensated at all when that compensation was due.

14.

Defendants rounded Plaintiff's clock-in and clock-out times to the nearest 15 minutes, resulting in a net loss of pay.

15.

Defendants did not pay Plaintiff all wages due to her within the statutorily mandated deadline to do so upon her termination.

## FIRST CLAIM FOR RELIEF

(FLSA Overtime, Liquidated Damages)

16.

All previous paragraphs are incorporated by reference herein.

17.

Pursuant to 29 U.S.C. § 207, Defendants were required to pay Plaintiff at least one and one half times her regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

18.

Plaintiff is entitled to collect the difference between her received wages and the overtime wages due, as well as an equal amount as liquidated damages, for each workweek over the past three years, in an amount to be proven at trial,

together with attorney fees and costs.

## SECOND CLAIM FOR RELIEF

(Oregon Overtime, Penalty Wages)

19.

All previous paragraphs are incorporated by reference herein.

20.

Pursuant to O.R.S. 653.261, Defendants were required to pay Plaintiff one and one half times her regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

21.

Plaintiff is entitled to collect the difference between her received wages and the overtime due, for each workweek over the past three years, in an amount to be proven at trial, together with 30 days of statutory penalty wages provided by O.R.S. 653.055 and 652.150, attorney fees, costs and pre- and post-judgment interest.

## THIRD CLAIM FOR RELIEF

(Oregon Rest Periods, Penalty Wages)

22.

All previous paragraphs are incorporated by reference herein.

23.

Pursuant to O.R.S. 653.261 and O.A.R. 839-020-0050, Defendants were required to give Plaintiff a paid 10-minute rest period for every four hours or major part thereof in one work period, but willfully failed to do so.

24.

Plaintiff is entitled to collect all rest period wages due, for each workweek of her employment, in an amount to be proven at trial, together with 30 days of statutory penalty wages as provided by O.R.S. 653.055 and 652.150, attorney fees, costs and pre- and post-judgment interest.

## FOURTH CLAIM FOR RELIEF

(Oregon Late Pay Claim, Penalty Wages)

25.

All previous paragraphs are incorporated by reference herein.

26.

Pursuant to O.R.S. 652.140, Defendants were required to pay Plaintiff all

**Complaint** Page 7

wages due to her immediately upon termination of her employment, but willfully failed to do so.

27.

Plaintiff is entitled to collect all wages remaining due her, together with 30 days of statutory penalty wages as provided by O.R.S. 652.150, attorney fees, costs and pre- and post-judgment interest.

### FIFTH CLAIM FOR RELIEF

(Oregon Unpaid Wages)

28.

All previous paragraphs are incorporated by reference herein.

29.

Pursuant to O.R.S. 652.120, Defendants were required to pay Plaintiff all wages due when those wages were due, but willfully failed to do so.

30.

Plaintiff is entitled to collect the wages due her, for each work week over the past six years, in an amount to be proven at trial, together with attorney fees, costs and pre- and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court award such damages as set forth above and in amounts to be proven at trial; award Plaintiff's attorney fees, costs and expenses of suit; order Defendants to pay pre-judgment and post-judgment interest on all amounts due to Plaintiff as a result of her state claims; and order such further or alternative relief as the Court deems appropriate.

DATED this 8th day of May, 2008

JON M. EGAN, P.C.

_____
JON M. EGAN
OSB #002467
(503) 697-3427
Attorney for Plaintiff