**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

Hon. Garr M. King

FILED'09 JUL 02 11:18USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **LORRAINE VAN DYKE,**<br><br>             Plaintiff,<br>vs.<br><br>**BTS CONTAINER SERVICE, INC.,** an Oregon corporation; **SHARON McLAURIE,** an individual; and **GEORGE SARGENT,** as both individual and d/b/a TRIPLE A TRANSPORTATION, INC.,<br><br>             Defendants. | Case No. 08-CV-0561-KI<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT |

Hon. Garr M. King

Having reviewed and considered all evidence, exhibits, and the arguments of the respective parties' attorneys at the time of the June 5, 2009 hearing on the parties' cross-motions for summary judgment, the Court hereby

grants and denies portions of each party's motion for summary judgment per the following Findings of Fact, Conclusions of Law, and Final Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. I conclude that O.R.S. 653.055(1) provides a private right of action for unpaid overtime.

2. I conclude that O.R.S. 652.120 provides a private right of action for unpaid wages.

3. Defendants' time clock records were the only evidence submitted regarding Plaintiff's time worked. In calculating Plaintiff's time worked for payroll purposes, Defendants rounded each of Plaintiff's clock-punched times in and out to the nearest 15 minutes. This policy resulted over time in a net underpayment of wages to the Plaintiff. Plaintiff must therefore be compensated for that net underpayment.

4. When Plaintiff took a lunch break of fewer than 30 minutes, Defendants did not pay her for that time. These were not bona fide meal periods, and Plaintiff must therefore be compensated for that time.

5. Defendants deducted one hour from Plaintiff's time worked when Plaintiff did not clock out for a lunch period. In the absence of evidence that Plaintiff was not working during that one-hour period, she must be paid for that time. No such evidence was submitted. Plaintiff must therefore be compensated for that time.

6. I find that Plaintiff was underpaid by 29.51 hours, for a total of $493.27 in unpaid wages, as a result of the above policies. This figure consists of 3.13 hours of straight time ($25.53), 22.96 hours of overtime within the three-year overtime statute of limitations ($411.31) and 3.42 hours of overtime before the three-year statute of limitations ($56.43).

7. Plaintiff was owed 20 hours of vacation time on March 14, 2008. Defendants paid Plaintiff for 4 hours of vacation time on May 2, 2008. I find that Defendants' late payment of Plaintiff's final wages was due to careless error, and as such, it was not willful. I therefore deny Plaintiff's request for penalty wages arising from the late payment of her final wages. However, I do award Plaintiff the 16 hours of unpaid vacation time, for a total of $216.00 in unpaid vacation time.

8. I award Plaintiff $411.31 in damages under the 29 U.S.C. § 207, the FLSA overtime provision. I do not award liquidated damages under the FLSA.

9. I award Plaintiff the same $411.31 in damages and $3,240.00 in penalty wages under O.R.S. 653.055(1), the Oregon overtime provision.

10. I award Plaintiff $709.27 in damages under O.R.S. 652.120, Oregon's unpaid wage provision. This amount consists of the above-awarded $411.31, $56.43 in overtime from before the three-year statute of limitations, $216.00 in unpaid vacation time, and $25.53 in unpaid straight time.

11. I award pre-judgment interest on the above-awarded sums. As of Monday, June 29, 2009, those interest amounts are as follows, with the daily interest

**Findings of Fact, Conclusions of Law and Final Judgment**      Page 3

thereon listed in parentheses, such daily interest to accrue until the date of entry of this final judgment:

a) On the straight time wages, $4.42 (plus $0.01 per day)

b) On the overtime wages within the three-year overtime statute of limitations, $78.27 (plus $0.10 per day)

c) On the overtime wages from before the three-year statute of limitations, $22.66 (plus $0.01 per day)

d) On the vacation time, $25.79 (plus $0.05 per day)

e) On the penalty wages, $1,130.85 (plus $0.80 per day)

12. I find that Defendants Sharon McLaurie and George Sargent were Plaintiff's employers as defined by the FLSA, and that they are therefore individually liable for the sums awarded under the FLSA. However, I do not find Defendants Sharon McLaurie and George Sargent individually liable for the sums awarded under Oregon wage provisions.

## FINAL JUDGMENT

Judgment is hereby entered on behalf of Plaintiff and against Defendants BTS Container Service, Inc., Sharon McLaurie and George Sargent for the sum of $489.58 ($411.31 in principal and $78.27 in prejudgment interest), plus an additional $0.10 in prejudgment interest for every day between Monday, June 29, 2009 and the date of entry of this judgment.

Judgment is further entered on behalf of Plaintiff and against Defendant

BTS Container Service, Inc. only, in the additional amount of $4,721.68 ($3,537.96 in principal and $1,183.72 in prejudgment interest), plus an additional $0.87 in prejudgment interest for every day between Monday, June 29, 2009 and the date of entry of this judgment.

IT IS SO ORDERED AND ADJUDGED.

DATED this 1ST of July, 2009

_____
Hon. Garr M. King