IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LORRAINE VAN DYKE, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 08-561-KI |
| | ) |
| vs. | ) OPINION AND ORDER |
| | ) |
| BTS CONTAINER SERVICE, INC., an | ) |
| Oregon corporation; SHARON | ) |
| McLAURIE, an individual; and GEORGE | ) |
| SARGENT, as both individual and d/b/a | ) |
| TRIPLE A TRANSPORTATION, INC., | ) |
| | ) |
| Defendants. | ) |

Jon M. Egan
240 Sixth Street
Lake Oswego, Oregon  97034-2931

    Attorney for Plaintiff

Charles W. Carnese
Brindle, McCaslin & Lee, P.C.
101 SW Main Street, Suite 950
Portland, Oregon  97204-3217

    Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

I granted summary judgment in plaintiff's favor on her state and federal wage claims and entered a Judgment of $3,949.27 plus over $1,000 in prejudgment interest. Plaintiff now seeks her costs and attorney fees, as allowed under the wage statutes.

## LEGAL STANDARDS

In addressing a petition for attorney fees, the court must first determine the lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997). In calculating the lodestar amount, the court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that are subsumed in that calculation. Id. at 364 n.9. The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

The factors subsumed in the lodestar calculation, and thus to be considered in determining the number of reasonable hours and the reasonable hourly rate, are: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Page 2 - OPINION AND ORDER

representation, and the results obtained. Id. at 364 n.9. Next, the court must consider the necessity of adjusting the lodestar amount based on the Kerr factors that are not subsumed within the initial lodestar calculation. Id. at 363-64. There is a strong presumption, however, that the lodestar amount is a reasonable fee. Nevertheless, in rare cases, this strong presumption may be rebutted through the application of those factors not subsumed in the lodestar calculation. Id. at 364 n.8. Upward adjustments of the lodestar amount are proper only in "rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts." Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 478 U.S. 546, 565, 106 S. Ct. 3088 (1986) (internal quotations omitted).

A reduction of the lodestar fee may be justified when the plaintiff fails to obtain relief on all claims and the hours spent on unsuccessful claims were not needed to pursue successful claims. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988).

To exclude the hours spent litigating unsuccessful claims, a court can identify specific hours to eliminate or simply reduce the award to account for the limited success. Mathematical formulas or percentages may be used. Schwarz v. Secretary of Health & Human Services, 73 F.3d 895, 904-05 (9th Cir. 1995).

> To determine fees in cases of partial success, . . ., [a] court must consider (1) whether the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded, and (2) whether the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.
>
> The first step requires the district court to determine whether the successful and unsuccessful claims were unrelated. [C]laims are *unrelated* if the successful and unsuccessful claims are distinctly different *both* legally *and* factually; claims are related, however, if they involve a common core of facts *or* are based on related legal theories. At bottom, the focus is on whether the unsuccessful and successful claims arose out of the same course of conduct. If they did not, the hours expended on the unsuccessful claims should not be included in the fee award.

Page 3 - OPINION AND ORDER

> If, however, the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. When a plaintiff has achieved only partial or limited success, [however,] the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. Nonetheless, a plaintiff does not need to receive all the relief requested in order to show excellent results warranting the fully compensatory fee.

Dang v. Cross, 422 F.3d 800, 812-13 (9th Cir. 2005) (internal quotations and citations omitted; emphasis in the original) (award under 42 U.S.C. § 1988 in a civil rights case).

## DISCUSSION

Plaintiff seeks $1,159.75 in taxable costs. Plaintiff also seeks $268.35 in nontaxable expenses. Under the Fair Labor Standards Act, costs include reasonable out-of-pocket expenses. Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 969 (10th Cir. 2002). Defendants do not object to any of the costs sought. Accordingly, I award both amounts.

Plaintiff seeks $52,423.00 in attorney fees. This is broken down to 153.6 hours of attorney time at an hourly rate of $305 and 44.6 hours of paralegal time at an hourly rate of $125.

Defendants do not object to the hourly rates sought but I believe that they are high. I have no information on the education or experience of the paralegal. I will reduce the hourly rate from $125 per hour to $100 per hour. Plaintiff's counsel has completed nine years of practice and specializes in wage and hour law. Under the 2007 Oregon State Bar Economic Survey, his requested rate of $305 is well over both the 75th percentile of attorneys with seven to nine years of experience ($275) and the 75th percentile of attorneys practicing plaintiff's civil litigation, excluding personal injury ($294). I am reducing the hourly rate to $230, which is the median rate for all attorneys and $5 more than the median rate in the two subcategories I just mentioned.

These reductions in the hourly rates result in fees of $35,328 for the attorney and $4,460 for the paralegal, for a total of $39,788.

Defendants make several general objections. First, they note that plaintiff failed to specify the statute under which the attorney fee award is sought, as required by Federal Rule of Civil Procedure 54(d)(2)(B)(ii). Plaintiff corrected this oversight in the reply brief, citing both ORS 652.200(2) and 29 U.S.C. § 216(b). Although plaintiff should have included this information in his motion, it is not news to anyone in this run-of-the-mill wage case. I will not refuse to award attorney fees for failure to cite the statutes.

Defendants argue that plaintiff did not prevail on all claims and that she should not be compensated for time spent on unsuccessful claims.

Plaintiff notes that she prevailed on the FLSA claim, the overtime claim, and the unpaid wage claim. Plaintiff also correctly argues that she prevailed on the late pay claim because the court awarded her 16 hours of vacation pay that defendants had not paid at the time of her termination. I agree that my decision not to award liquidated damages because the violation was not willful does not mean that plaintiff did not prevail on the claim. Similarly, although I found that the individuals were not liable on the state claims, plaintiff did prevail against the corporation on those claims. Counsel spent time, however, on the portions of the claims on which plaintiff did not prevail. Furthermore, plaintiff withdrew her claim based on missed rest periods when <u>Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr.</u>, 344 Or. 525, 185 P.3d 446 (2008), held that no private right of action existed for missed rest periods.

Under <u>Dang</u>, I find that the successful and unsuccessful parts of plaintiff's claims are related. Thus, I turn to an examination of the overall relief obtained by plaintiff in relation to the hours reasonably expended on the litigation.

Page 5 - OPINION AND ORDER

Defendants argue that the amount of attorney fees sought is unreasonable in light of the damages, penalties, and prejudgment interest I awarded plaintiff. Defendants note that, as a small business without substantial assets, an award of attorney fees of such magnitude would subject the company to severe financial hardship. Defendants also argue that the only settlement demand made by plaintiff, in November 2008, was so grossly overstated that it justified an aggressive defense of the case.

Plaintiff contends that financial hardship is not an element in awarding attorney fees in a wage claim, even if defendants made a showing of hardship rather than merely an argument. Concerning her settlement offer, plaintiff notes that defendants could have responded with a counter offer or offer of judgment. On this latter point, I wholeheartedly agree. Most cases of this nature settle early in the litigation because the attorney fees can mount quickly, especially when viewed in light of the damages likely to be recovered.

Nevertheless, in examining the billing records, plaintiff calculates that counsel expended 0.6 hours on the unsuccessful parts of the claims. That is only 36 minutes–I cannot believe that such a small amount of time was spent. Moreover, I do not think counsel's estimate included time spent seeking liquidated damages. The total amount of time spent on this case strikes me as quite high. I recognize that a great deal of the blame for this lies with defendants or their attorney and the decision to actively defend the case rather than attempt to settle early on, but I conclude that there should be a further reduction for limited success. Accordingly, I will reduce the award an additional fifteen percent, for an award of attorney fees of $33,820.

## CONCLUSION

Plaintiff's Bill of Costs (#44) is granted. I award $1,159.75 in costs. Plaintiff's Motion for Attorney Fees (#42) is granted. I award $268.35 in nontaxable expenses and $33,820 in attorney fees.

IT IS SO ORDERED.

Dated this      15th      day of September, 2009.

                                                      /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge