IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LORRAINE VAN DYKE**, | Civil Case No. 08-561-KI |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| **BTS CONTAINER SERVICE, INC.,** an Oregon corporation; **SHARON McLAURIE,** an individual; and **GEORGE SARGENT,** as both individual and d/b/a TRIPLE A TRANSPORTATION, INC., | |
| Defendants. | |

    Jon M. Egan
    240 Sixth Street
    Lake Oswego, Oregon  97034-2931

        Attorney for Plaintiff

Page 1 - OPINION AND ORDER

Charles W. Carnese
Brindle, McCaslin & Lee, P.C.
101 SW Main Street, Suite 950
Portland, Oregon  97204-3217

    Attorney for Defendants

KING, Judge:

After plaintiff prevailed in this wage case, I entered a Judgment for $4,724.29 and a Supplemental Judgment for $35,248.10 in attorney fees and costs.  Before the court is Plaintiff's Supplemental Motion for Attorney Fees for Post-Judgment Collection (#56).

## DISCUSSION

Plaintiff seeks $8,584.50 in attorney fees and $99.07 in nontaxable expenses for postage and photocopies.  Plaintiff's counsel was required to serve two rounds of garnishments in October and November 2009 after counsel unsuccessfully tried to voluntarily collect the judgments.  Defense counsel informed plaintiff's counsel that defendant BTS Container Service, Inc. ("BTS") had several judgments, pending lawsuits, and other outstanding claims totaling over $200,000.  Defense counsel asked for time to attempt to work out payment plans with all creditors which would allow BTS to stay in business without filing for bankruptcy.  Plaintiff's successful garnishments deprived BTS of sufficient operating capital so that the company could not make payroll or pay the rent.  BTS closed its doors in early December 2009.

Although it is unfortunate that BTS was forced to close, the fact is not relevant to whether plaintiff is entitled to attorney fees for post-judgment collection efforts.  Under Oregon law, attorney fees to enforce a judgment are "legal services related to the prosecution or defense of an

Page 2 - OPINION AND ORDER

action" which the court may consider when it awards attorney fees. Johnson v. Jeppe, 77 Or. App. 685, 688, 713 P.2d 1090 (1986) (quoting ORCP 68).

The Ninth Circuit has not determined if the Fair Labor Standards Act ("FLSA") supports the court awarding attorney fees for post-judgment collection efforts. But cf. Jones v. Giles, 741 F.2d 245, 250 (9th Cir. 1984) (finding no abuse of discretion in the size of the trial court's $2,500 award for post-judgment attorney fees in an FLSA case without addressing whether such fees were available under the statute). Federal courts have awarded attorney fees for post-judgment collection efforts in other contexts. See Shaw v. AAA Eng'g & Drafting, Inc., 213 F.3d 538, 544-45 (False Claims Act case); Free v. Briody, 793 F.2d 807, 808-09 (7th Cir. 1986) (ERISA case). I conclude that the FLSA also allows me to award post-judgment collection fees. Without such an award, a judgment is a hollow victory for a plaintiff who was improperly paid.

In addressing a petition for attorney fees, the court must first determine the lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997). I have considered the *Kerr* factors, as previously set forth in my Opinion and Order dated September 15, 2009.

Plaintiff seeks an award for 25.4 hours of counsel's time at an hourly rate of $305 and 1.5 hours of a paralegal's time at an hourly rate of $125. I previously determined that these hourly rates were unreasonable for this case and reduced them to $230 for counsel and $100 for the paralegal. Counsel's arguments have not changed my mind. I make the same reductions here.

Page 3 - OPINION AND ORDER

After reviewing counsel's time sheets, I conclude that the 25.4 hours is unreasonably high for the tasks accomplished. For example, counsel took 0.2 hours to review the Supplemental Judgment, a document that contains a single sentence other than the caption and signature lines. Similarly, counsel took 0.4 hours to review the Order declining to split the liability for the Supplemental Judgment, a two-page document in which the entire first page is filled with the caption. Counsel took 3.7 hours of one day to draft garnishment papers for five different banks. That is a task that counsel could easily delegate to a paralegal after counsel completed one set of paperwork. Counsel required 6.0 hours to draft and revise the motion, memorandum, and declaration requesting these fees. Although the declaration is longer, the motion and memorandum together are only eight pages. Moreover, I would imagine that counsel has had to draft similar garnishment papers and motions seeking attorney fees many times during his career. There is nothing novel about the topic. I do acknowledge that counsel spent a lot of time conferring with opposing counsel. I conclude that a reasonable amount of time for counsel to spend on the post-judgment collection efforts is 15 hours, in addition to 1.5 hours spent by the paralegal.

Thus, I award $3,600 for attorney fees and $99.07 in nontaxable expenses, for a total of $3,699.07.

///

///

Page 4 - OPINION AND ORDER

## CONCLUSION

Plaintiff's Supplemental Motion for Attorney Fees for Post-Judgment Collection (#56) is granted in part. I award $3,699.07.

IT IS SO ORDERED.

Dated this    4th    day of January, 2010.

         /s/ Garr M. King
       Garr M. King
       United States District Judge